IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| PETER SAENZ, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 07-64-S-BLW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| STATE OF IDAHO, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION

Before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. (Docket No. 9.) Petitioner has not responded to the Motion, and the time to do so has passed. The Court has reviewed the record and has determined that oral argument will not be necessary to resolve this matter.

For the reasons that follow, the Court will grant Respondent's Motion, and this case shall be dismissed.

## BACKGROUND

In 1999, Petitioner entered a guilty plea in state court to one count of aggravated battery, while maintaining his innocence to the charge, as permitted by *North Carolina v. Alford*, 400 U.S. 25 (1970). The state court sentenced Petitioner

**MEMORANDUM DECISION AND ORDER - 1**

to twenty years in prison, with the first ten years fixed. Petitioner's subsequent Motion for Reduction of Sentence was denied, and he did not file an appeal at that time. The original judgment was entered on January 27, 2000.

Pursuant to a stipulation of the parties, the district court re-entered its judgment on July 17, 2002. On direct appeal, Petitioner argued that the district court had abused its discretion in imposing the twenty-year sentence. The Idaho Court of Appeals affirmed, and the Supreme Court of Idaho did not accept review of that decision. The Remittitur was issued on August 28, 2003.

Nearly two years later, Petitioner filed an application for post-conviction relief, which was eventually dismissed by the district court as impermissibly successive, untimely, and lacking in factual support. Petitioner appealed from that decision, but he failed to submit an appellate brief after his appointed attorney was permitted to withdraw. As a result, the Supreme Court of Idaho dismissed the appeal on March 12, 2007.

Petitioner initiated this federal habeas action on February 9, 2007, alleging that he was deprived of his Sixth Amendment right to the effective assistance of counsel and that his sentence is "illegal." (Docket No. 3, pp. 2-3.) Respondent has now filed a Motion for Summary Dismissal, arguing that the Petition is time-barred, the claims raised therein are procedurally defaulted, and the second claim is

**MEMORANDUM DECISION AND ORDER - 2**

not cognizable in a federal habeas proceeding.  Petitioner has failed to respond to the Motion, despite having had an opportunity to do so.

Because the Court concludes that Petitioner has failed to comply with the statute of limitations, it will dismiss the case on that basis without reaching Respondent's alternative arguments.

## STANDARD OF LAW

Habeas petitions filed after the enactment of the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d).  The one-year period generally runs from the date on which the judgment of conviction became final in state court, either upon completion of a direct appeal or after the time for seeking an appeal has expired. 28 U.S.C. § 2244(d)(1)(A).

The statute provides for tolling (stopping) of the limitations period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The limitations period also may be tolled for fairness reasons when an extraordinary circumstance prevented the petitioner from filing on time ("equitable tolling").  *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005).

**MEMORANDUM DECISION AND ORDER - 3**

A litigant seeking equitable tolling bears the burden of establishing that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

## DISCUSSION

The federal statute of limitations began to run in the present case on November 26, 2003, ninety days after the issuance of the Remittitur during the direct appeal. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that the limitations period does not start until the time for filing a petition for certiorari in the United States Supreme Court has elapsed). Nothing was pending in state court between November 26, 2003, and November 26, 2004, when the one-year limitations period expired.

Although Petitioner filed an application for post-conviction relief six months later, the federal limitations period had already expired, and the state post-conviction proceeding did not toll the statute of limitations under § 2244(d)(2) because there was nothing left to toll. Accordingly, the February 9, 2007 Petition for Writ of Habeas Corpus is over two years too late.

Petitioner has not provided the Court with any reason to find that the limitations period should be equitably tolled, and the Court has independently

**MEMORANDUM DECISION AND ORDER - 4**

reviewed the record and has found no basis for such tolling.  Therefore, this case must be dismissed as time-barred.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 9) is GRANTED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus shall be DISMISSED.



DATED:  **December 4, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 5**